**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRENDAN PICHA and MAX J. HASTINGS, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEMINI TRUST COMPANY, LLC, TYLER WINKLEVOSS and CAMERON WINKLEVOSS,<br><br>Defendants. | CASE No. 1:22-cv-10922-NRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RICHARD ZEMBOL TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

1

Plaintiff Richard Zembol ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D(a)(3)(B) of the Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

> (a) appointing Movant as Lead Plaintiff for the Class of all investors who purchased unregistered securities in the form of cryptocurrency interest-earning accounts referred to as Gemini interest accounts ("GIAs")[1] between February 2, 2021 and December 27, 2022, seeking to recover damages caused by Defendants' violations of the federal securities laws, and non-securities violations of Common Law Fraud, Aiding and Abetting, Negligent Misrepresentation, and Unjust Enrichment; and

> (b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on December 27, 2022 against Defendants Gemini Trust Company, LLC, Tyler Winklevoss, and Cameron Winklevoss (collectively, "Defendants") for claims under Sections 5, 12(a)(1), and 15 of the Securities Act, Section 10b-5, 5, 29(b), 15(a)(1), and 20 of the Exchange Act, and non-securities violations of Common Law Fraud, Aiding and Abetting, Negligent Misrepresentation, and Unjust Enrichment. On December, 27, 2022 an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Ex. 1 hereto.

Defendants are the officers and directors of Gemini Trust Company, LLC ("Gemini"). Gemini, a New York-based crypto asset exchange and lending program, offered and sold GIAs

---

[1] Gemini referred to these accounts through a program called "Gemini Earn".

to investors, through Gemini Earn and through which investors lent crypto assets to Gemini in exchange for interest payments. GIAs are securities under federal law, which Gemini failed to register as securities before selling to individual investors. Gemini marketed GIAs with repeated false and misleading statements, including that GIAs were a secure method of collecting interest. Gemini also omitted and concealed significant information concerning the risks associated with Gemini Earn, including information concerning its so-called partner and borrower in connection with the program, Genesis Global Capital, LLC ("Genesis"), to which it gave all Gemini Earn investors' crypto assets. When Genesis encountered financial distress as a result of a series of collapses in the crypto market in 2022, including FTX Trading Ltd. ("FTX"), Genesis was unable to return the crypto assets it borrowed from Gemini Earn investors. On or about November 16, 2022, Gemini halted the Gemini Earn program and refused to honor any further investor redemptions, effectively wiping out all investors who still had holdings in the program.

To date, no Earn customer funds are reported to have been redeemed since Gemini halted Gemini Earn. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of GIAs, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

3

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the Class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure.

Movant invested $201,500 in GIAs on Gemini Earn.[2] *See* Rosen Decl., Ex. 3. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead

---

[2] Due to the circumstances surrounding Gemini's platform, including customers' inability to withdraw funds from Gemini, the financial interest is a best-effort estimate of the Movant's loss on Gemini's platform.

4

Plaintiff for the Class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *In re Fuwei Films Securities Litigation*, 247 F.R.D., 432, 439 (S.D.N.Y 2008) (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

#### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig., 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all

5

members of the Class, alleges that Defendants violated the federal securities laws by, among other things, selling unregistered securities and publicly disseminating false and misleading information. Movant, as did all of the members of the Class, purchased unregistered GIAs at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

2. **Movant Is Adequate**

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained financial losses from investments in Gemini and is therefore, extremely motivated to pursue claims in this action.

D. **Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). 15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant resides in Mokena, Illinois. Movant has invested in cryptocurrency for several years and has an Associates Degree. The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including filing this action, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and

7

expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 27, 2023                           Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim