**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRENDAN PICHA and MAX J. HASTINGS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEMINI TRUST COMPANY, LLC, TYLER WINKLEVOSS and CAMERON WINKLEVOSS,<br><br>Defendants. | Case No. 1:22-cv-10922-NRB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE**
**GEMINI INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

Class members Gregory Ingallina, Bartholomew Ingallina, Tze ("Eddie") Ling Ng, and Christine Hogan (collectively, the "Gemini Investor Group" or "Movant") respectfully submit this memorandum in support of their motion (1) to be appointed as Lead Plaintiff pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z-1(a)(3) and 78u-4(a)(3); (2) for approval of Movant's selection of the law firm of Lieff, Cabraser, Heimann, & Bernstein, LLP ("Lieff Cabraser") as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.    <u>INTRODUCTION</u>

Presently pending in this District is a securities class action (the "Action") brought on behalf of all persons who invested in the Gemini Earn program offered by Gemini Trust Company, LLC ("Gemini" or the "Company") between February 2, 2021, and December 27, 2022.  The Action is brought against Gemini, Tyler Winklevoss, co-founder and Chief Executive Officer of Gemini, and Cameron Winklevoss, co-founder and President of Gemini, and alleges violations of Sections 5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§  77e, 77k(a)(1), 77o, and Sections 5, 10(b), 15(a), 20, and 29(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78(e), 78j(b), 78t(a), and 78cc(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240 10b-5, and common law fraud, aiding and abetting fraud, negligent misrepresentation and unjust enrichment.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that has demonstrated the "largest financial interest in the litigation" and that also meets the typicality and adequacy requirements under Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).  Movant is the most adequate plaintiff

because: (1) it suffered losses of approximately $642,408.58 on its investments in Gemini Earn during the Class Period and, to the best of its knowledge, has the largest financial interest in the relief sought by the class; and (2) Movant satisfies the typicality and adequacy requirements of Rule 23 (a)(3) and (4) of the Federal Rules of Civil Procedure.  Accordingly, the Court should appoint Movant as Lead Plaintiff.

The Court should also approve Movant's selection of Lieff Cabraser as Lead Counsel. Lieff Cabraser has extensive experience in representing investors in securities class actions and other securities and financial fraud litigation and has recovered hundreds of millions of dollars on behalf of investors.  For the reasons set forth below, Movant's motion should be approved in its entirety.

## II.   SUMMARY OF THE FACTUAL ALLEGATIONS

The Action alleges Gemini, a New York-based crypto asset exchange and lending platform, offered and sold Gemini interest accounts ("GIAs") to investors through a program called Gemini Earn.  Through Gemini Earn, investors lent their crypto assets to Gemini in exchange for interest payments.

GIAs are securities under federal law, however, Gemini failed to register them as securities before selling the GIAs, and other crypto assets, on Gemini.  Gemini also failed to register as a national securities exchange or as a broker-dealer.

The Action alleges that Gemini made materially false and misleading statements and omissions about Gemini Earn, including claims that GIAs were a secure method of collecting interest.  Gemini falsely represented, for example, that "[c]ustomers can transfer existing crypto holdings, or easily purchase crypto to transfer into Gemini Earn and earn interest for any period of time. *They can also redeem their crypto at any time*" (emphasis added).

Gemini also failed to disclose significant risks associated with Gemini Earn, including

2755433.1

information concerning its so-called partner and borrower in connection with the program, Genesis Global Capital, LLC ("Genesis").  By the end of August 2021, $3 billion in loans had been originated by investors though GIAs.  Unbeknownst to class members, Gemini gave all Gemini Earn investors' crypto assets to Genesis.

In 2022, following a series of collapses in the crypto market, Genesis was in financial distress and unable to return the crypto assets it borrowed from Gemini Earn investors.  Gemini halted the Gemini Earn program on or around November 16, 2022, and refused to honor any further investor redemptions.  As a result, Movant and other class members have suffered significant losses on their Gemini Earn investments that they cannot redeem.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth a procedure that governs the appointment of a lead plaintiff in a private action arising under the Securities Act and the Exchange Act brought as a class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B)(i); and 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(A)(i) and § 78u-4(a)(3)(A)(i).  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§ 77z-1(a)(3)(A) and (B); 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall appoint as lead plaintiff the member or members of the class that the court determines to be

most capable of adequately representing the interests of class members.  15 U.S.C. §§ 77z-1(a)(3)(B) and 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii) and 78u-4(a)(3)(B)(iii).

### 1.    Movant Timely Moved For Appointment as Lead Plaintiff

In this case, the plaintiff in the first-filed action published a notice on *Business Wire* on December 29, 2022.  A copy of the notice is attached as Exhibit A to the Declaration of Daniel P. Chiplock ("Chiplock Decl."), submitted herewith.  The notice advised that all class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by February 27, 2023.  Courts have recognized national news wire services as suitable vehicles for meeting the PSLRA's requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See, e.g., Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62 64 (D. Mass. 1996).  Movant's motion, filed on February 27, 2023, is therefore timely.

### 2.    Movant Has the Largest Financial Interest in the Relief Sought by the Class

Movant should be appointed Lead Plaintiff because it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v.*

*First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. 1997)

(financial interest may be determined by (1) the number of shares purchased during the class

period; (2) the number of net shares purchased during the class period; (3) the total net funds

expended during the class period; and (4) the approximate losses suffered); *Micholle v.

Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018)

(applying the *Lax* four-factor test in determining the party with the largest financial interest).

During the Class Period, Movant (1) deposited a total of 648,772.74 crypto tokens into its

Gemini Earn accounts; (2) deposited a net amount (after any redemptions) of 445,211.84 tokens

into its Gemini Earn accounts; (3) expended a net amount (after any redemptions) of

$676,065.87 on token deposits (valued on deposit dates) in its Gemini Earn accounts; and (4)

suffered a loss of $642,408.58 as a result of defendants' misconduct.  *See* Chiplock Decl. at

Exhibits B and C (attaching Gemini Investor Group members' certifications and chart analyzing

their losses).  Movant believes it possesses the largest financial interest in the outcome of this

litigation and, therefore, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. §§

77z-1(a)(3)(B)(iii)(I)(bb) and 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation,

Movant also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a

motion to serve as lead plaintiff, the movant need only make a preliminary showing that it will

satisfy the typicality and adequacy requirements of Rule 23.  *See Micholle*, 2018 WL 1307285, at

*6; *Canson v. WebMD Health Corp.*, No. 11-cv-5382 (JFK), 2011 WL 5331712, at *4 (S.D.N.Y.

Nov. 7, 2011).  Movant clearly satisfies both requirements.

### a.   Movant's Claims are Typical of the Claims of the Class

Movant's claims are typical of the claims of other members of the class.  Typicality is

established "where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Canson*, 2011 WL 5331712, at *4 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). However, the claims of the class representative need not be identical to those of all members of the class to satisfy the typicality requirement. *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113 (S.D.N.Y. 2010).

Movant satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, Movant: (1) invested in Gemini Earn and/or GIAs during the Class Period; (2) invested in Gemini Earn and/or GIAs as a result of defendants' wrongful misconduct; and (3) suffered damages thereby. Movant's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Id.*

### b.   Movant Will Fairly and Adequately Represent the Interests of the Class

Movant likewise satisfies the adequacy requirement of Rule 23. In assessing adequacy, courts consider whether (1) the plaintiff has interests in common with, and not antagonistic to, the interests of the class; and (2) the plaintiff's attorneys are qualified, experienced and able to conduct the litigation. *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

Movant has made a sufficient showing that it is adequate under Rule 23. Contemporaneously with this filing, Ms. Hogan, Mr. Ng, and Messrs. Gregory and Bartholomew Ingallina have submitted a Joint Declaration (*see* Chiplock Decl., Exhibit D) demonstrating that each of them is knowledgeable about the litigation, they understand the responsibilities of being a lead plaintiff, they are committed to working together and with Lead Counsel to actively

prosecute the case, they have established procedures to oversee the litigation, and they will otherwise fairly and adequately protect the interests of the class. Thus, Ms. Hogan, Mr. Ng, and Messrs. Gregory and Bartholomew Ingallina have made a proper evidentiary showing of their ability to work cohesively and to serve as Lead Plaintiff. *See, e.g.*, *Perez v. HEXO Corp.*, No. 19 CIV. 10965 (NRB), 2020 WL 905753, at *3-4 (S.D.N.Y. Feb. 25, 2020) (appointing a group of investors that submitted joint declaration demonstrating its ability to cohesively and proactively represent the class).

Movant and its counsel believe that their interests do not conflict with the interests of other class members. In fact, the interest of Movant and other class members are aligned because each class member invested in Gemini Earn and/or GIA accounts in reliance on the misrepresentations or omissions described above. In addition, there is no evidence that Movant's action is collusive.

Moreover, Movant has demonstrated its adequacy through its selection of Lieff Cabraser as Lead Counsel to represent the class. As discussed more fully below, Lieff Cabraser is qualified and experienced in the area of securities and financial fraud litigation and has demonstrated an ability to conduct complex securities class action litigation effectively.

Accordingly, Movant has made the requisite showing that it satisfies the typicality and adequacy requirements of Rule 23. The Court should therefore appoint Movant as Lead Plaintiff.

### B.    The Court Should Approve Movant's Selection Of Lead Counsel

The Court should approve Movant's choice of the law firm of Lieff Cabraser to serve as Lead Counsel. The PSLRA directs that once a court designates a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v). The lead plaintiff's selection of lead

counsel, however, shall not be disturbed unless it is necessary to protect the interests of the class. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa) and 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh*, 306 F.3d 726, at 732, n.11 (9th Cir. 2002) ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.").

Movant has selected and retained the law firm of Lieff Cabraser. Lieff Cabraser is one of the nation's largest plaintiffs' law firms and has prosecuted scores of securities and financial fraud lawsuits on behalf of public and private institutional investors and other investors. *See* Lieff Cabraser's Firm Resume (attached as Exhibit E to the Heimann Decl.). The law firm served as class counsel in securities fraud class actions that resolved favorably for investors, including in *In re BofI Holding Inc. Securities Litigation*, No. 15-cv-2324 (S.D. Cal.) and *In re A-Power Energy Generation Systems, Ltd. Securities Litigation*, No. 2:11-ml-2302-GW (CWx) (C.D. Cal.). Lieff Cabraser also has extensive experience serving as lead or co-lead counsel in other securities and financial fraud litigation matters, including *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 3:16-cv-05541 (N.D. Cal.), which resolved in a $240 million settlement; *In re The Boeing Co. Derivative Litigation*, C.A. No. 2019-0907-MTZ (Del. Ch.), which resolved for $237.5 million and expansive corporate governance reforms relating to airplane safety oversight; and *In re Broadcom Corp. Derivative Litigation*, No. C-06-3252 R (CWx) (C.D. Cal.), in which Lieff Cabraser achieved settlements totaling $197 million, one of the largest settlements in a derivative action involving stock options backdating. In addition, in *In re Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig*., No. MD-12-2335-LAK (S.D.N.Y.), Lieff Cabraser, as a member of the Plaintiffs' Executive Committee and co-lead class counsel, recovered $335 million in litigation against BNY Mellon and its predecessors and subsidiaries, alleging defendants deceptively overcharged custodial customers on foreign

currency exchanges ("FX") made necessary by the purchase or sale of foreign securities.

Further, Lieff Cabraser is one of few plaintiffs' firms with experience trying federal securities class cases.  For example, in *Claghorn v. Edsaco*, No. 98-3039-SI (N.D. Cal.), Lieff Cabraser, serving as lead counsel, obtained a $170.7 million jury verdict after a multi-week trial. In *FPI/Agretech Securities Litigation*, MDL No. 763 (D. Haw.), Lieff Cabraser recovered tens of millions of dollars in class settlements and a $25 million jury verdict at trial against a non-settling defendant.  Accordingly, the Court should approve Movant's selection of Lieff Cabraser as Lead Counsel for the class.

IV.   **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B) and 78u-4(a)(3)(B); and (2) approve Movant's selection of Lieff Cabraser as Lead Counsel pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v); and (3) grant such other and further relief as the Court may deem just and proper.

Dated:  February 27, 2023
      New York, New York

Respectfully submitted,

**LIEFF CABRASER HEIMANN**
    **& BERNSTEIN, LLP**

By: */s/ Daniel P. Chiplock*
Daniel P. Chiplock (DC-1137)
Steven E. Fineman (SF-8481)
Sharon M. Lee (SL-5612)
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

**LIEFF CABRASER HEIMANN**
    **& BERNSTEIN, LLP**
Richard M. Heimann
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339

2755433.1

Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Movant Gemini Investor Group*
*and Proposed Lead Counsel for the Class*

2755433.1