UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDAN PICHA and MAX J. HASTINGS individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>GEMINI TRUST COMPANY, LLC, TYLER WINKLEVOSS, and CAMERON WINKLEVOSS,<br><br>      Defendants. | Case No. 1:22-cv-10922-NRB |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MICHAEL HERMAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

I.      HERMAN SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 3

        A.      Herman Is Willing to Serve as a Class Representative ........................................... 4

        B.      Herman Has the "Largest Financial Interest" in the Action .................................. 4

        C.      Herman Otherwise Satisfies the Requirements of Rule 23.................................... 5

        D.      Herman Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ........................................................................... 7

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED............ 8

CONCLUSION............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
    2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ............................................................................5

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (2d Cir. 1992) ................................................................................................6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
    2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ..........................................................................7

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................7

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992) ...................................................................................................6

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ...............................................................................................8

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
    2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...........................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................5

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................................6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................................5

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ............................................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ....................................................................................8

**Statutes**

15 U.S.C. § 77z-1 ................................................................................................................. *passim*

15 U.S.C. § 78u-4 ................................................................................................................. *passim*

PSLRA ..........................................................................................................................2, 4, 5, 7

## Rules

Fed. R. Civ. P. 23 ................................................................................................................... *passim*

Michael Herman ("Herman") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), and Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Herman as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons who invested in Gemini Trust Company, LLC's ("Gemini") program Gemini Earn or otherwise purchased Gemini Interest Accounts ("GIAs") during the Class Period[1] and were harmed thereby; and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint alleges, *inter alia*, that Defendants defrauded investors in violation of the Exchange Act and offered and sold unregistered securities in violation of the Securities Act. Gemini investors, including Herman, incurred significant losses as a result of Defendants' alleged misconduct.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I). Herman suffered losses of $288,396.91 in connection with his Class Period transactions in Gemini Earn and/or GIAs. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Herman

---

[1] The Class Period is defined as February 2, 2021 through the date of the filing of the complaint ("Complaint") in the above-captioned action (the "Action") (*i.e.*, December 27, 2022), inclusive. Complaint ¶ 2.

believes that he has the largest financial interest in the relief sought in this Action within the meaning of the PSLRA.

Beyond his considerable financial interest, Herman also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, Herman has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, Herman respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Gemini, a New York-based crypto asset exchange and lending platform, offered and sold GIAs to investors, through a program called "Gemini Earn," and through which investors lent crypto assets to Gemini in exchange for interest payments. GIAs are securities under federal law, which Gemini failed to register as securities before selling to individual investors. Gemini marketed GIAs with repeated false and misleading statements, including that GIAs were a secure method of collecting interest. Gemini also omitted and concealed significant information concerning the risks associated with Gemini Earn, including information concerning its so-called partner and borrower in connection with the program, Genesis Global Capital, LLC ("Genesis"), to which it gave all Gemini Earn investors' crypto assets. When

Genesis encountered financial distress as a result of a series of collapses in the crypto market in 2022, including FTX Trading Ltd., Genesis was unable to return the crypto assets it borrowed from Gemini Earn investors. On or about November 16, 2022, Gemini halted the Gemini Earn program and refused to honor any further investor redemptions, effectively wiping out all investors who still had holdings in the program, including the plaintiffs in the Action.

## ARGUMENT

**I.       HERMAN SHOULD BE APPOINTED LEAD PLAINTIFF**

Herman should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i), 77z-1(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* §§ 78u-4(a)(3)(B), 77z-1(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* §§ 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

3

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I).

As set forth below, Herman satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.  Herman Is Willing to Serve as a Class Representative

On December 29, 2022, counsel for the plaintiffs in the Action caused the statutorily required Notice of this Action to be published over *Business Wire* pursuant to Sections 21D(a)(3)(A)(i) and 27(a)(3)(A)(i) of the PSLRA, which announced that this Action had been filed against Defendants, and which advised investors in Gemini Earn and/or GIAs that they had until February 27, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Lieberman Decl., Ex. B.

Herman has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Herman satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.  Herman Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii), 77z-1(a)(3)(B)(iii).  Here, Herman suffered losses of $288,396.91 in connection with his Class Period transactions in Gemini Earn and/or GIAs.  *See* Lieberman Decl., Ex. A.  Because Herman possesses the largest financial interest in

4

the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb), 77z-1(a)(3)(B)(iii)(I)(bb).

### C. Herman Otherwise Satisfies the Requirements of Rule 23

Sections 21D(a)(3)(B)(iii)(I)(cc) and 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that lead plaintiffs satisfy Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements."). Here, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Herman.

5

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those [*sic*] of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Herman's claims are typical of those of the Class. Herman alleges, like all Class members, that Defendants violated securities laws by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Gemini, and by offering and selling unregistered securities in the form of Gemini Earn and GIAs. Herman, like other Class members, invested in Gemini Earn and/or purchased GIAs and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Herman has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B)(v), 77z-1(a)(3)(B)(v).  In addition to Pomerantz, Herman is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.  There is no evidence of antagonism or conflict between Herman's interests and the interests of the Class. Moreover, Herman has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses that Herman incurred demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Herman has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

### D. Herman Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Herman as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II), 77z-1(a)(3)(B)(iii)(II).

Herman's ability and desire to fairly and adequately represent the Class has been discussed above. Herman is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Herman should be appointed Lead Plaintiff for the Class.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See id.* §§ 78u-4(a)(3)(B)(v), 77z-1(a)(3)(B)(v). The Court should only interfere with lead plaintiffs' choice if necessary to "protect the interests of the class." *Id.* §§ 78u-4(a)(3)(B)(iii)(II)(aa), 77z-1(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Herman has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel. *See id.* For over 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United

8

States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Herman's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Herman's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Herman respectfully requests that the Court issue an Order: (1) appointing Herman as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: February 27, 2023       Respectfully submitted,

                               POMERANTZ LLP

                               */s/ Jeremy A. Lieberman*
                               Jeremy A. Lieberman
                               J. Alexander Hood II
                               Thomas Przybylowski
                               600 Third Avenue, 20th Floor
                               New York, New York 10016
                               Telephone: (212) 661-1100
                               Facsimile: (917) 463-1044
                               jalieberman@pomlaw.com
                               ahood@pomlaw.com
                               tprzybylowski@pomlaw.com

                               *Counsel for Michael Herman and Proposed Lead Counsel for the Class*

9

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Michael Herman*