

| | |
|---|---|
| 500 E Main Street, Suite 1400 | 299 Broadway, Suite 1816 |
| Norfolk, VA 23510 | New York, NY 10007 |
| Tel: (757) 904 5373 | Tel: (212) 548 3212 |

April 7, 2023

**BY ECF**

Hon. Naomi Reice Buchwald
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: **Oral argument requested:** *Brendan Picha, et al. v. Gemini Trust Company, LLC, et al.*, No. 1:22-cv-10922; Pre-Motion Letter on Motion to Compel Arbitration

Dear Judge Buchwald:

  We represent defendants Gemini Trust Company, LLC ("Gemini") and Cameron and Tyler Winklevoss (collectively, "Defendants"). As contemplated by prior orders of this Court, ECF Nos. 42 and 49, Defendants move for an order compelling arbitration of the claims brought by Plaintiffs Brendan Picha, *et al.*, and staying the litigation (the "Motion to Compel Arbitration"). Pursuant to Rule 2.E. of Your Honor's Individual Practices, Defendants provide the below outline of their argument for the Motion to Compel Arbitration.

  Defendants request oral argument on the Motion to Compel Arbitration.

**I. Introduction**

  Gemini provides an online platform for individuals like Plaintiffs to buy, sell, transfer, and store cryptocurrencies. To begin using the Gemini online platform, a user must accept Gemini's User Agreement, which has always included a broad agreement to arbitrate any claim arising out of the user's relationship with Gemini. In addition, a user must accept the current version of User Agreement every time they log in and access Gemini's online exchange platform. Their assent is indicated by the user clicking a "Sign In" button which says, immediately above the button in clear and conspicuous text: "By clicking 'Sign In' below, I agree to Gemini's User Agreement and Privacy Policy." The word "User Agreement" is hyperlinked so that the Agreement can be viewed in its entirety. Thus, acceptance of the User Agreement is required to access and use Gemini's online platform.

  After registering for an account with Gemini and accepting the User Agreement, Gemini users could elect to participate in the Earn Program. The Earn Program allowed existing Gemini users to lend their digital assets to a commercial borrower, Genesis Global Capital, LLC

("Genesis"), in exchange for interest payments. Plaintiffs were Gemini users who chose to participate in the Earn Program. Due to events beyond Defendants' control, Genesis has refused to return the digital assets it borrowed from Plaintiffs. However, rather than pursuing claims against Genesis – the borrower wrongfully withholding Plaintiffs' digital assets – Plaintiffs chose to sue these Defendants, alleging material misrepresentations of the risks associated with the Earn Program and other claims related to the Earn Program.

Plaintiffs could not have participated in the Earn Program without accepting the User Agreement. The User Agreement in effect when Plaintiffs filed this lawsuit, which each of these Plaintiffs accepted, provided that "**any controversy, claim, or dispute arising out of or relating to this User Agreement or your relationship with Gemini — past, present, or future — shall be settled solely and exclusively by binding arbitration….**" The Court should hold Plaintiffs to their contract and compel Plaintiffs to arbitrate all of the claims asserted in this suit.

## II.    The FAA requires Enforcement of the Parties' Agreement to Arbitrate.

The Federal Arbitration Act ("FAA") governs any arbitration agreement that is both "written" and "evidencing a transaction involving commerce." 9 U.S.C. § 2. Both criteria are met in this case because the User Agreement is in writing and "there can be no question that the Internet is a channel and instrumentality of interstate commerce." *United States v. Kohn*, 634 F. App'x 818, 821 (2d Cir. 2015). The FAA applies and requires enforcement of the User Agreement's agreement to arbitrate.

## III.   Plaintiffs Consented to Arbitration in the User Agreement.

Courts in the Second Circuit "routinely uphold" online agreements "which require users to click an 'I agree' box after being presented with a list of terms and conditions of use." *Meyer v. Uber Techs.*, 868 F.3d 66, 75 (2d Cir. 2017) (collecting cases). As confirmed by the Motion to Compel Arbitration's declaration and exhibits, Plaintiffs' acceptance of the amended User Agreement by logging in to Gemini's platform was wholly consistent with the many New York cases enforcing similar online agreements.[1] Plaintiffs had actual or constructive notice of the User Agreement's terms, including its arbitration clause. Reaching this conclusion, another federal court recently compelled arbitration based on Gemini's User Agreement. *See Griffin v. Gemini Trust Company*, No. 22-cv-1747-CRB (N.D. Cal. Jul. 29, 2022). The same result should occur here. There is no genuine question here that Plaintiffs accepted the amended User Agreement and thereby consented to arbitration of their claims against the Defendants.

## IV.    The Parties Have Delegated Issues of Scope and Arbitrability to the Arbitrator.

It is well settled that "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). Gemini's User Agreement includes a broad delegation clause stating that "***any dispute about the scope of this User Agreement to arbitrate and/or the arbitrability of any particular dispute shall be resolved in arbitration in accordance with this section***." Decl. Ex. 3 at 107. Language indicating a clearer desire to delegate this question to the arbitrator could hardly be

---

[1] *See, e.g., Feld v. Postmates, Inc.*, 442 F. Supp. 3d 825, 829 (S.D.N.Y. 2020); *Sultan v. Coinbase, Inc.*, 354 F. Supp. 3d 156, 159, 162 (E.D.N.Y. 2019); *Wu v. Uber Techs., Inc.*, No. 33694/2020E, 2022 WL 17826816, at ** 1, 21, 29 (Sup. Ct. Bronx Cnty. Dec. 20, 2022).

imagined. *Henry Schein*, 139 S. Ct. at 530. Thus, the Court need not go further than this language to decide that the issue of the scope of arbitration agreements must necessarily be decided by the arbitrator.

**V.     Plaintiffs' Claims Fall Within the Scope of the User Agreement's Arbitration Clause.**

Although the User Agreement's delegation clause may render consideration of this issue moot, there is no question that the User Agreement's agreement to arbitrate includes the claims raised in Plaintiffs' Amended Complaint. The User Agreement broadly provides that "***any controversy, claim, or dispute arising out of or relating to this User Agreement or your relationship with Gemini — past, present, or future — shall be settled solely and exclusively by binding arbitration***." Decl. Ex. 3 at 107. The Second Circuit has already held that such language leaves "no doubt" that "any dispute[] with the Agreement's other signatory," *i.e.*, Gemini, must be arbitrated. *Contec Corp. v. Remote Sol. Co.*, 398 F.3d 205, 208 (2d Cir. 2005).

Plaintiffs' claims against Gemini founders Cameron and Tyler are also arbitrable because the plain language of the User Agreement requires arbitration of disputes with not only Gemini, but "***any other party named or added as a co-defendant along with Gemini***" and that such persons are expressly designated as a "***third-party beneficiary entitled to enforce this arbitration provision.***" Decl. Ex. 3 at 108 (emphasis added). Further, courts in this Circuit "consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement." *Alghanim v. Alghanim*, 828 F. Supp. 2d 636, 650 (S.D.N.Y. 2011) (Buchwald, J.) (quoting *Campaniello Imports, Ltd. v. Saporiti Italia, SpA.*, 117 F.3d 655, 668 (2d Cir. 1997)). All claims, against all of the Defendants, are subject to arbitration.

**VI.    Plaintiffs Have Not Demonstrated Conflict as to the Agreement to Arbitrate.**

Plaintiffs' contention that there are multiple agreements which "contradict each other" must be rejected. Am. Compl. ¶ 145. As will become clearer once briefing continues, Plaintiffs have no genuine dispute about *whether* they agreed to arbitrate their claims. At most, they just question *how* the arbitration should proceed, which are procedural issues to be decided by the arbitrator. *See, e.g.*, *UBS Fin. Services, Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 655 (2d Cir 2011) (holding that venue for arbitration is a procedural issue that the arbitrator should decide). The issue before this Court is very simple: if an agreement to arbitrate exists between the parties, the Court should compel arbitration. Defendants have demonstrated that this agreement exists.

**VII.   Conclusion**

Plaintiffs agreed to arbitrate their claims against Defendants in Gemini's User Agreement and agreed that all other issues would be delegated to the arbitrator. Accordingly, the Court should grant Defendants' Motion to Compel Arbitration and stay this action pending the outcome of the arbitration. We thank the Court for its attention to this matter.

                                                Sincerely,

                                                /s/ John F. Baughman

cc:     Counsel of Record via ECF