

500 E Main Street, Suite 1400
Norfolk, VA 23510
Tel: (757) 904 5373

299 Broadway, Suite 1816
New York, NY 10007
Tel: (212) 548 3212

April 19, 2023

**BY ECF**

The Hon. Naomi Reice Buchwald, SDNY
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Brendan Picha, et al. v. Gemini Trust Company, LLC, et al.*, No. 1:22-cv-10922
            Defendants' Opposition to Plaintiffs' April 14, 2023 Pre-Motion Letter

Dear Judge Buchwald:

        Pursuant to Rule 2.B. of Your Honor's Individual Practices, Defendants Gemini Trust Company, LLC and Cameron and Tyler Winklevoss (collectively, the "Defendants") oppose the relief sought in Plaintiffs' April 14, 2023 Pre-Motion Letter (Dkt. 54) (the "Plaintiffs' Request").

## Background

        Plaintiffs' claims in this lawsuit arise from their participation in the Earn Program, in which individual users of Gemini's online platform chose to lend digital assets to a third-party borrower, Genesis Global Capital, LLC ("Genesis"), in exchange for payment of interest to them by Genesis.

        On January 19, 2023, Genesis and certain affiliates filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *In re Genesis Global Holdco, LLC*, No. 23-10063 (the "Genesis Bankruptcy"). On April 4, 2023, the Bankruptcy Court entered an Order establishing the bar dates for creditors of Genesis to file proofs of claim in the Genesis Bankruptcy, attached as **Exhibit 1** (the "Bar Date Order").

        Within the Bar Date Order, the Bankruptcy Court approved the "Gemini Bar Date Notice" as attached to Plaintiffs' Request, finding it consistent with applicable law. Ex. 1 ¶ 3. The Bankruptcy Court then *directed* Gemini to serve the Gemini Bar Date Notice (attached as **Exhibit 2**) and set a deadline for doing so. *Id.* ¶ 14. The Gemini Bar Date Notice describes how claimants (including Gemini Earn users) can file claims in the Genesis Bankruptcy to preserve claims against Genesis. For the convenience of Earn users, Gemini will file claims on their behalf for the digital assets shown in their accounts as lent to Genesis. Importantly, however, Gemini Earn users do not have to rely on Gemini's filing, and are free to file their own individual claims.

        Plaintiffs declined the opportunity to participate in the Genesis Bankruptcy and, instead,

comes to *this Court* seeking to limit the already-approved Gemini Bar Date Notice, as well as other communications from Gemini related to the Genesis Bankruptcy under Fed. R. Civ. P. 23(d).

## Argument

***First***, Plaintiffs' Request is premature because Defendants have a pending and meritorious Motion to Compel Arbitration. Dkt. 51-53. If granted, it will render Plaintiffs' Request moot. The Court should defer consideration of Plaintiffs' Request until the Motion to Compel Arbitration is decided, to avoid unnecessary litigation and waste of judicial resources.

***Second***, Plaintiffs' attempt to limit communications with a putative class of Earn users is baseless because Plaintiffs cannot pursue this case as a class action. Gemini's User Agreement—which every Gemini user had to accept before they could participate in the Earn Program—includes a valid class action waiver: "***You and Gemini … agree and understand that this User Agreement does not permit class action or private attorney general litigation or arbitration of any claims brought as a plaintiff or class member in any class or representative arbitration proceeding or litigation.***" Dkt. 53-3 at 113-14 (Ex. 3 to Defs' Mot. to Compel Arbitration).

***Third***, if Plaintiffs have genuine concerns about Gemini's communications related to the Genesis Bankruptcy, the Bankruptcy Court should be deciding those issues—not this Court. Significantly, the Bankruptcy Court approved the Gemini Bar Date Notice ***following a duly noticed motion and hearing at which Plaintiffs neither appeared nor objected***. *See* Ex. 1 ¶¶ 3, 14.[1] The Bankruptcy Court also deemed it appropriate for Gemini to act as agent for Earn Program users, which imposes on Gemini a duty to communicate with Earn users. *Id.*; *see generally* 2A N.Y. Jur. 2d Agency § 220. Indeed, Plaintiffs' own allegations acknowledge that they "appointed Gemini as [their] agent to facilitate Loans of [their] Digital Assets." Am. Compl. ¶ 38 (Dkt. 45). In seeking to *prevent* Gemini's communications, authorized and directed by the Bankruptcy Court, Plaintiffs effectively ask this Court to overrule the Bankruptcy Court after neglecting to participate in the Bankruptcy Court proceedings. The Court should reject Plaintiffs' invitation to issue competing orders that interfere with administration of the Bankruptcy Case and would place Gemini in the impossible position of having to violate one court's order to comply with another's.

***Fourth***, Plaintiffs cannot prove that an extraordinary remedy—a restraint on Gemini's speech related to the Genesis Bankruptcy—is warranted. Although Rule 23(d) generally allows orders to "determine the course of [class] proceedings" or "impose conditions" on their parties, the Supreme Court has made clear that an order limiting communications with class members is an abuse of discretion unless it is "based on a clear record and specific findings that reflect . . . the need for a limitation and the potential interference with the rights of the parties" and "[is] justified by a likelihood of serious abuses." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). "The mere possibility of abuses . . . does not justify routine adoption of a communications ban . . . ." *Id.* at 104.

***Fifth***, to the extent the Court even needs to reach this issue, Plaintiffs cannot demonstrate anything improper about Gemini's communications. *See, e.g., Cohen v. Ne. Radiology, P.C.*, 2021 WL 293123, at **11-12 (S.D.N.Y. Jan. 28, 2021) (declining to limit communications where none

---

[1] *See* Genesis Bankruptcy, Dkt. 135, 200. Other Earn users *did* appear at that hearing and were heard.

of the defendants' prior communications were false or misleading); *Cohen v. Apache Corp.*, 1991 WL 1017, at *3 (S.D.N.Y. Jan. 2, 1991) (denying plaintiffs' motion to limit communications with class members where defendants' statements were not "likely to impair the proper functioning of the class action process"). Except for the Gemini Bar Date Notice, none of the allegedly offensive communications were attached to Plaintiffs' Request, a conspicuous omission that should prevent the Court from even considering this argument. Moreover, Gemini is simply communicating information about the Genesis Bankruptcy to Earn users who can confirm its veracity because this information is publicly available. *See* https://restructuring.ra.kroll.com/genesis/. A defendant may share information about a related bankruptcy process. *Becker v. Bank of N.Y. Mellon Tr. Co., N.A.*, 2012 WL 13018242, at *3 (E.D. Pa. Dec. 18, 2012) (denying a Rule 23(d) motion where defendants' communications were factually accurate).

More generally, communications about a potential settlement with Genesis and/or Gemini are not improper. *See Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 213 (2d Cir. 1987) (settlement communications between a defendant and putative class members are not prohibited by Rule 23 because a "plaintiff has no legally protected right to sue on behalf of other[s] who prefer to settle"); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 930 (N.D. Ill. 2013) ("[P]erhaps to the displeasure of Plaintiffs' counsel, Unilever is entitled to settle cases with putative class members prior to class certification.") (citing *Weight Watchers of Phila., Inc. v. Weight Watchers Int'l*, 455 F.2d 770, 773 (2d Cir. 1972)). The Term Sheet referred to by the Plaintiffs reflects a non-binding, in principle agreement. If there eventually is a proposed settlement in the Genesis Bankruptcy, it will be reflected in a plan of reorganization that will be subject to approval of the Bankruptcy Court. The appropriate time to raise objections will be *in that Court at that time.*

Finally, Plaintiffs' reliance on the legal authorities they cite is misplaced. *Gulf Oil Co.* held that a district court *exceeded its authority* by entering an order barring the plaintiffs and their counsel from communicating with putative class members. 452 U.S. at 91. In *Dodona I, LLC v. Goldman, Sachs & Co.*, the court ultimately concluded that "*there is nothing to justify an order under Rule 23(d), restricting communications regarding the litigation between Defendants and class members.*" 300 F.R.D. 182, 187 (S.D.N.Y. 2014) (emphasis added). Finally, *In re Currency Conversion Fee Antitrust Litigation* is readily distinguishable because there defendants sought to add arbitration clauses to governing contracts after the parties had litigated for over three years and conducted 100 depositions. 361 F. Supp. 2d 237, 258 (S.D.N.Y. 2005).[2] By contrast, here Plaintiffs' attempt to restrict Gemini's First Amendment rights and interfere with the administration of the Genesis Bankruptcy case, which seeks to maximize the return of funds to Earn participants. In sum, Plaintiffs' Request should be denied.

Sincerely,

/s/ John F. Baughman

cc:   Counsel of Record via ECF

---

[2] Moreover, multiple courts have refused to follow *In re Currency Conversion* or distinguish it. *See Austen v. Catterton Partners V, LP*, 831 F. Supp. 2d 559, 567 (D. Conn. 2011) (noting flaws in its legal reasoning); *Reid v*, 964 F. Supp. 2d at 930 (refusing to limit defendants' communications with class members); *O'Conner v. Agilant Sols., Inc.*, 444 F. Supp. 3d 593, 607 (S.D.N.Y. 2020) (refusing to enjoin communications).