# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER (I) ESTABLISHING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROOF OF CLAIM FORM, BAR DATE NOTICES, AND MAILING AND PUBLICATION PROCEDURES, (III) IMPLEMENTING UNIFORM PROCEDURES REGARDING 503(b)(9) CLAIMS, AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF

Upon the application (the "Application")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") (i) establishing the general bar date by which certain creditors must file Proofs of Claim in these chapter 11 cases (the "General Bar Date"); (ii) establishing the bar date by which a Proof of Claim relating to the Debtors' rejection of executory contracts and unexpired leases must be filed (the "Rejection Bar Date"); (iii) establishing the bar date by which a Proof of Claim arising from an amendment to the Debtors' Schedules (as defined below) must be filed (or, if previously filed, be amended) (the "Amended Schedule Bar Date" and collectively, with the General Bar Date and the Rejection Bar Date, the "Bar Dates");[3] (iv) approving tailored Claim Forms to be distributed to potential creditors; (v)

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

[3]    For purposes of this Application, the Bar Dates herein shall not extend to requests for payment of postpetition fees and expenses of professionals retained or sought to be retained by order of the Court in these cases.

approving the forms of notice to be used to inform potential creditors of the Bar Dates; (vi) approving mailing and publication procedures with respect to notice of the Bar Dates; and (vii) providing certain supplemental relief; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration") filed January 20, 2023 (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") filed January 20, 2023 (ECF No. 19), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Application (if any) having been withdrawn or

overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.    The Application is GRANTED to the extent set forth herein.

2.    <u>Bar Dates</u>.    The Bar Dates set forth in the Application are hereby APPROVED.

3.    <u>Notices and Forms</u>.    The forms of the Bar Date Notice, the Notice of Amended Schedules, the Publication Notice, Claim Forms, and the Gemini Bar Date Notice, substantially in the form of each attached to the Application, and the manner of providing notice of the Bar Dates proposed in the Application, are APPROVED.   The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4.    <u>Procedures</u>.    The following procedures for the submission of Proofs of Claim shall apply:

(a)    The General Bar Date by which proofs of claim against the Debtors must be filed is **May 22, 2023 at 4:00 p.m., Eastern Time**.

(b)    The Rejection Bar Date by which all entities that hold a Prepetition Claim against any of the Debtors arising out of the rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code that becomes effective after the entry of the Bar Date Order shall file a Proof of Claim by the later of (i) the General Bar Date, and (ii) any date the Court may fix in the applicable order authorizing such rejection.

(c)    The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the Debtors to the Schedules as the later of (a) General Bar Date and (b) thirty-five (35) days after the date that notice of the amendment is served on the affected claimant, which date shall be set forth in such notice of amendment.

(d)    The Governmental Bar Date by which a governmental unit, as defined in section 101(27) of the Bankruptcy Code, must file Prepetition Claims against the Debtors is **July 18, 2023 at 4:00 p.m., Eastern Time**.

(e)    Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Prepetition Claim based on cryptocurrency, the number and type of units of each cryptocurrency held by the claimant as of the Petition Date and (B) solely to the extent a Prepetition Claim is not based on cryptocurrency, the amount of such Prepetition Claim denominated in United States dollars;[4] (iii) conform substantially with the Claim Forms provided by the Debtors or Official Form No. 410, as applicable; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation unless otherwise consented to by the Debtors in writing (e-mail will suffice); provided that, upon the request of the Debtors or any statutorily appointed committee, any claimant that receives such written consent shall be required to transmit promptly such supporting documentation to the Debtors and any statutorily appointed committee as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request.

(f)  In addition to the requirements set forth in (e) above, any Proof of Claim asserting a 503(b)(9) Claim must also include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods purportedly delivered to a Debtor within twenty days before the Petition Date; (iv) documentation, including invoices, receipts, bills of lading and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546(c) of the Bankruptcy Code; and (vi) documentation or other evidence that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business.

(g)    Each Proof of Claim, including supporting documentation, must be submitted so that Kroll actually receives the Proof of Claim on or before the applicable Bar Date by submitting the Proof of Claim (i) electronically through the Case Website at https://restructuring.ra.kroll.com/genesis in accordance with the instructions for filing Proofs of Claim electronically or (ii) by first

---

[4]    For the avoidance of doubt, all Proofs of Claim for Prepetition Claims based on cryptocurrency must clearly indicate (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held (which may be done through the table of cryptocurrency on the proposed Claim Form).

class U.S. mail, overnight mail, or other hand delivery system, which Proof of Claim must include an original signature, at the following address: Genesis Inc. Claims Processing Center c/o Prime Clerk LLC (now known as Kroll Restructuring Administration), 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

(h)    Proofs of Claim must be submitted by mail, hand, or through the Case Website. Proofs of Claims submitted by electronic means other than the Case Website (e.g., via e-mail, facsimile, telecopy, or similar electronic means) will not be accepted and will not be deemed timely submitted.

(i) A proof of claim shall be timely filed only if the original Claim Form is *actually submitted* to the Case Website or is *actually received* by the Claims Docketing Center on or before the applicable Bar Date.

(j) Parties who wish to receive proof of receipt of their Proofs of Claim must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

(k)    Upon the advance express written consent of the Debtors, a proof of claim filed for a Prepetition Claim or a 503(b)(9) Claim may be filed without the writings upon which the Prepetition Claim or 503(b)(9) Claim, as applicable, is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; *provided, however*, that, upon request of the Debtors, any statutorily appointed committee, or any other party in interest in these cases, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors, any statutorily appointed committee and the party in interest making such request as soon as reasonably practicable, but in no event later than ten business days from the date of such request.

(l) Each Proof of Claim must specify by name and case number the Debtor against which the Prepetition Claim is submitted by checking the applicable box at the top of the Claim Form. A person or entity asserting Prepetition Claims against more than one Debtor is required to (i) file a separate Proof of Claim with respect to each such Debtor and (ii) identify on each Claim Form the particular Debtor against which their Prepetition Claim is asserted. Any Proof of Claim that fails to identify a Debtor shall be deemed as submitted only against Genesis Global Capital, LLC. If more than one Debtor is listed on the Claim Form, the Proof of Claim will be treated as filed only against the first-listed Debtor.

5.    The following Entities are *not* required to file proofs of claim:

(a)    any Prepetition Claim for which a Proof of Claim has already been

filed against one or more of the Debtors and for which no other basis or additional amounts are sought or Prepetition Claims are asserted beyond those listed in the already filed Proof of Claim;

(b) any Prepetition Claim listed in the Debtors' Schedules (as defined herein), *and* is not designated as "disputed," "contingent," and/or "unliquidated," *and* with respect to which the Entity asserting such Prepetition Claim agrees with the nature, classification, and amount that such Prepetition Claim is identified in the Schedules, *and* with respect to which the Entity asserting such Prepetition Claim agrees that its Prepetition Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim in its Schedules;

(c) any Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim listed in the Debtors' Schedules as set forth in paragraph (b) above) that has been previously allowed by, or paid in full pursuant to, an order of this Court;

(d) any Prepetition Claim by a Debtor against one or more of the other Debtors;

(e) any Prepetition Claim for which specific filing deadlines have been previously fixed by this Court;

(f) any current or former equity security holder[5] that seeks to assert *only* a proof of interest with respect of the ownership of such equity interests;[6]

(g) any current employees of the Debtors, if an order of the Court authorized the Debtors to honor such Prepetition Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Bar Date for all other Prepetition Claims arising before the Petition Date, including Prepetition Claims for wrongful termination, discrimination, harassment, hostile work environment and retaliation;

(h) each and all Gemini Lenders on account of their respective Prepetition Claims against the Debtors for the repayment of the Gemini Borrowings; *provided, however*, that any Gemini Lender wanting to assert a Prepetition Claim against the Debtors for an amount greater than the Gemini Lender's Gemini Borrowings in the Gemini Earn Program or a Prepetition Claim other than for the

---

[5] The term "equity security holder," as used herein, has the meaning ascribed to it in section 101(17) of the Bankruptcy Code.

[6] Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

repayment of the Gemini Borrowings under the Gemini Earn Program, shall be required to submit a Proof of Claim with respect to such additional Prepetition Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i) each and all members of the Ad Hoc Group (as defined herein) on account of their respective Prepetition Claims against the Debtors; provided, however, that any member of the Ad Hoc Group wanting to assert a Prepetition Claim against the Debtors, other than the amount listed on the schedule of amounts owing pursuant to the underlying agreement and loan term sheets, shall be required to submit a Proof of Claim with respect to such additional Prepetition Claim on or before the applicable  Bar Date, unless another exception identified herein applies;

(j) claims for fees and expenses of professional retained in these proceedings;

(k) any claim based on indemnification, contribution or reimbursement of a current officer, director or employee of any of the Debtors;

(l) any person or Entity holding a Prepetition Claim solely against a non-Debtor entity; and

(a) any Prepetition Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of an administration incurred in the ordinary course; *provided* that any person or entity asserting a Prepetition Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Prepetition Claims by filing a request for payment or a Proof of Claim on or prior to the General Bar Date.

6. Any person or entity that relies on the Schedules will have the responsibility of determining that such Prepetition Claim is accurately listed in the Schedules in all respects. Each Gemini Lender will have the responsibility of determining whether its Gemini Borrowings, as of the Petition Date, are accurately listed in all respects on their individual account page that may be accessed through the Gemini Earn Program's website (https://exchange.gemini.com/signin) and the Gemini mobile app as that is the amount that will be listed for such Gemini Lender's Prepetition Claim in the Gemini Master Claim.

7.      Gemini is authorized and directed to file the Gemini Master Claim pursuant to section 501(a) of the Bankruptcy Code on or before the General Bar Date, against GGC and/or any other Debtor that Gemini determines may have liability to the Gemini Lenders for the repayment of the Gemini Borrowings.[7]

8.      Gemini is granted a waiver of the requirements of Bankruptcy Rule 3001(c) as to the Gemini Master Claim to the extent that Gemini shall not be required to publicly disclose underlying Gemini Lender information.  The Gemini Master Claim shall not include the names or any contact information for the Gemini Lenders, and it shall not specify the Gemini Borrowings of any specific Gemini Lender, subject to further order of the Court.

9.      The Ad Hoc Group is authorized and directed to file a single Proof of Claim pursuant to section 501(a) of the Bankruptcy Code, together with a schedule of amounts asserted by each such member (with copies of any master loan agreements or loan term sheets to be made available to the Debtors upon request) on or before the General Bar Date, on account of the Prepetition Claims against the Debtors held by members of the Ad Hoc Group pursuant to such master loan agreements or loan term sheets; *provided*, *however*, that any member of the Ad Hoc Group that wants to assert a claim, other than the amount owing pursuant to such master loan agreements or loan term sheets, shall be required to submit a Proof of Claim with respect to such additional claim on or before the General Bar Date, unless another exception to the Bar Date applies.

10.     <u>Effect of Failure to File by Applicable Bar Date</u>.  Any holder of a Prepetition Claim that is not excepted from the requirements of this Order and fails to timely submit a Proof

---

[7]      The Gemini Master Claim shall not include any claims asserted by Gemini in its individual capacity. To the extent that Gemini determines that the Gemini Master Claim should be filed against more than one Debtor, it will be deemed a separate claim with respect to each Debtor but is referred to herein as a single claim.

of Claim as required herein shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

11. <u>Mailing of Bar Date Notice Packages</u>. The Debtors shall provide actual notice of the Bar Dates by mailing the Bar Date Notice, substantially in the form attached to the Application as <u>Exhibit B,</u> and the Claim Forms (collectively, the "<u>Bar Date Notice Package</u>") within five (5) business days of the entry of this Order to the following potential parties-in-interest, wherever located: (i) the Master Service List; (ii) all known creditors or other known holders of Prepetition Claims or 503(b)(9) Claims against the Debtors, including all persons and entities listed on the Schedules at the addresses stated therein, (iii) all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (iv) all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; (v) all regulatory authorities that regulate the Debtors' businesses; (vi) the Securities and Exchange Commission; (vii) all known lienholders; (viii) all known non-Debtor equity and interest holders of the Debtors as of the date this Order is entered; (ix) all current and former employees (to the extent that contact information for former employees is available in the Debtors' records); (x) all known parties to litigation in which the Debtors are involved as listed on the Schedules; (xi) all of the Debtors' ordinary course professionals as of the date of entry of the Order; (xii) the Debtors' banks; (xiii) all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; (xiv) all persons or entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of this Order and (xv) all parties included on the creditor matrix filed in these Chapter 11 cases (collectively, the "<u>Bar Date Notice Parties</u>"). The Debtors will make all reasonable commercial efforts to locate current contact information for the Bar Date Notice Parties.

12.     The Claim Form attached to the Application as <u>Exhibit A</u> is hereby approved, including all modifications to the Official Form reflected therein.

13.     With regard to those holders of Prepetition Claims listed on the Schedules, the Debtors shall mail one or more Claim Form (as appropriate) substantially similar to the Claim Forms annexed to the Application as <u>Exhibit A</u>, indicating on such Claim Form how the Debtors have scheduled such creditor's Prepetition Claim in the Schedules (including the identity of the Debtor the Prepetition Claim is scheduled against, the amount and classification of the Prepetition Claim, and whether the Prepetition Claim has been scheduled as contingent, unliquidated or disputed).

14.     With regard to those holders of Prepetition Claims that are Gemini Lenders, the Debtors are authorized and directed to serve notice of the Bar Dates by serving notice on Gemini and not the individual Gemini Lenders.  Gemini is authorized and directed to serve the Gemini Bar Date Notice (with the Bar Date Notice attached as an exhibit thereto) on the Gemini Lenders in the manner described in the Application as soon as practicable after entry of this Order but in any event no later than twenty-eight (28) days prior to the earliest of the Bar Dates, except that Gemini is authorized and directed to serve the Gemini Bar Date Notice (with the Bar Date Notice attached as an exhibit thereto) on the Gemini Lenders a second time through electronic mail no later than ten (10) days prior to the earliest of the Bar Dates.  Gemini shall not be required or otherwise obligated to serve the Bar Date Notice Package or any other notice of the Bar Dates, other than the Gemini Bar Date Notice (with the Bar Date Notice attached as an exhibit thereto), on any Gemini Lender.  Gemini is further authorized and directed to serve Notice of the Amended Schedule Bar Date (as defined herein), if necessary, on the Gemini Lenders in the same manner of service as the Gemini Bar Date Notice described in the

Application.

15.     The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice on certain Entities that are not Bar Date Notice Parties with which, prior to the Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

16.     <u>Supplemental Mailings of Bar Date Notice Packages</u>.  After the initial service of the Bar Date Notice Packages, the Debtors may, in their discretion, make supplemental mailings of the Bar Date Notice Packages, including in the event that (i) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (ii) notices served by e-mail are confirmed to be undeliverable, (iii) certain parties acting on behalf of parties in interest fail to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, or (iv) additional potential claimants become known to the Debtors.  For holders of claims receiving such supplemental mailings, except for entities that are exempt from complying with the applicable Bar Dates set forth in this Order, the deadline to file Proofs of Claim, if necessary, shall be the later of (a) the applicable Bar Date, or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days from service of the supplemental mailing of the Bar Date Notice Packages (or another time period as may be fixed by the Court), which deadlines shall be set forth in the supplemental mailing.

17.     <u>Actual Notice of Amended Schedule Bar Date</u>.  If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim, or to add a claim to the Schedules, the Debtors shall provide notice of any such amended or added claim, substantially in the form of <u>Exhibit D</u> to

the Application (the "Notice of Amended Schedules"), to the affected claimant by serving the affected claimant with the Notice of Amended Schedules by first class mail and thereafter filing with the Court a certificate of such service. The date by which creditors holding claims that may be amended by the Debtors in their Schedules must file a Proof of Claim or amend their previously filed Proof of Claim (the "Amended Schedule Bar Date") shall be the later of (i) General Bar Date and (ii) thirty-five (35) days after the date that notice of the amendment is served on the affected claimant. The Notice of Amended Schedules shall include information regarding the Amended Schedule Bar Date and how to file a Proof of Claim or amend an existing Proof of Claim.

18.     Assistance of Claims Agent. Kroll Restructuring Administration ("Kroll"), the claims agent appointed in these cases, is authorized to facilitate and coordinate the claims reconciliation and bar date notice functions, including the mailing of the Bar Date Notice Packages. To the extent that Kroll requires any assistance with the preparation and mailing of the Bar Date Notice Package, Kroll is authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services. Kroll is further authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

19.     Publication Notice. The Debtors shall cause the Publication Notice, substantially in the form attached to the Application as Exhibit C, to be published in the *The New York Times* and *USA Today* as soon as practicable after entry of this Order but in any event no later than twenty-eight (28) days prior to the earliest of the Bar Dates, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates.

20.     Reservation of Rights. The Debtors and any party in interest retain and

hereby reserve the right to (i) dispute, and/or assert offsets or defenses against, any Prepetition

Claim or 503(b)(9) Claim and (ii) object to any Prepetition Claim, whether scheduled or filed, and

any 503(b)(9) Claim, on any grounds.

21.     The Debtors are authorized and empowered to take such steps and perform

such actions as may be necessary to implement and effectuate the terms of this Order, including

without limitation payment of costs incurred in connection with the process of noticing the Bar

Dates.

22.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

23.     This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Application or the implementation, interpretation

or enforcement of this Order.

Dated:  April 4, 2023                                */s/ Sean H. Lane*
            White Plains, New York                  The Honorable Sean H. Lane
                                                     United States Bankruptcy Judge