**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

**NAOMI REICE BUCHWALD**                                                                              (212) 805-0194
**UNITED STATES DISTRICT JUDGE**

May 2, 2023

James R. Serritella
Kim & Serritella LLP
110 W. 40th Street, 10th Floor
New York, NY 10018

John F. Baughman
The Law Offices of John F. Baughman
500 E. Main Street, Suite 1400
Norfolk, VA 23510

    Re: **Brendan Picha et al. v. Gemini Trust Company, LLC et al.**, 22 Civ. 10922 (NRB)

Dear Counsel:

  The Court has reviewed your pre-motion letters of April 14, 2023 and April 19, 2023 concerning plaintiffs' request for a pre-motion conference, or alternatively for leave to move for a protective order under Federal Rule of Civil Procedure 23(d), addressing allegedly improper communications between defendants and potential class members regarding Genesis Global Capital, LLC's ("Genesis") Chapter 11 bankruptcy proceedings. See ECF Nos. 54-55; In re Genesis Global Holdco, LLC, et al., No. 23-10063 (SHL) (Bankr. S.D.N.Y.). As plaintiffs have clearly described the motion they wish to bring and the reasons therefore, defendants have responded, and settled law governs these issues, the Court does not require a conference or a formal motion.

  Broadly speaking, "there is nothing inherently improper about a party's communication with potential class members prior to certification." Brown v. Mustang Sally's Spirits & Grill, Inc., No. 12 Civ. 529S (WMS), 2012 WL 4764585, at *2 (W.D.N.Y. Oct. 5, 2012); accord Cabrera v. Stephens, No. 16 Civ. 3234 (ADS) (SIL), 2017 WL 4326511, at *9 (E.D.N.Y. Sept. 28, 2017). And, while "[c]ourts have the power under Rule 23 to restrict counsels' communication with potential class members," the Supreme Court has instructed that power should be limited "to situations where there have been specific findings of serious abuses, and any potential remedy must be weighed against the parties' rights to free speech." Julian v. MetLife, Inc., No. 17 Civ. 957 (AJN), 2021 WL 3887763, at *2 (S.D.N.Y. Aug. 31, 2021) (citing Gulf Oil Co. v. Bernard, 452 U.S. 89, 99-101 (1981)).[1] Furthermore, the Second Circuit has made clear that a plaintiff who has brought a putative class action does not have the "right to

---

[1] In Gulf Oil Co., the Supreme Court clarified that any limitation on "communications between parties and potential class members" should be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties" as such limitations can result in "serious restraints on expression." 452 U.S. at 101, 104.

prevent negotiation of settlements between the defendant and other potential members of the class" in advance of class certification. Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc., 455 F.2d 770, 773 (2d Cir. 1972).[2] Accordingly, to justify the Court's intervention, plaintiffs must put forth "evidence of actual coercion, misrepresentation, or other bad faith acts" by defendants in their communications with potential class members. Cabrera, 2017 WL 4326511, at *9.

Here, no such showing has been made.[3] In fact, plaintiffs' allegation that defendants "have taken it upon themselves to act on behalf of the Class and insert themselves into the Bankruptcy," ECF No. 54 at 1, is without basis. To the contrary, the bankruptcy court "authorized and directed" defendant Gemini Trust Company, LLC ("Gemini") to "serve the Gemini Bar Notice Date . . . on the Gemini Lenders," ECF No. 55-1 at 11, "given Gemini's appointment as agent for each Gemini Lender under the Gemini MLAs," ECF No. 55-2 at 8. As defendants aptly highlight, issuing a protective order addressing that notice would therefore "interfere with administration of the Bankruptcy Case and would place Gemini in the impossible position of having to violate one court's order to comply with another's." ECF No. 55 at 2.

Moreover, plaintiffs' further arguments—that the identified communications are misleadingly vague (in that they do not "clarify what a 'substantial recovery' would entail"), imply that Gemini Earn Investors must obtain any recovery through the bankruptcy and by way of instructions provided by Gemini (the custodian of the Gemini Earn accounts), and fail to inform the class that accepting payment through the bankruptcy will result in a release of their claims against Gemini, see ECF No. 54 at 2-3—are not supported by law or fact.[4] Indeed, courts in this Circuit have held that neither the "omission of any reference to [a] pending class action"

---

[2] Accord Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 213, 215 (2d Cir. 1987) ("[D]efendants do not violate Rule 23(e) by negotiating settlements with potential members of the class."); Nyarko v. M&A Projects Restoration Inc., No. 18 Civ. 05194 (FB) (ST), 2021 WL 4755602, at *8 (E.D.N.Y. Sept. 13, 2021) (rejecting plaintiffs' argument that defendants' settlement communications with potential class members were coercive), report and recommendation adopted, 2021 WL 4472618 (E.D.N.Y. Sept. 30, 2021); Brown, 2012 WL 4764585, at *2 ("[E]x parte communications between defense counsel and putative class members—even ex parte settlement negotiations—are not abusive communications that warrant limitations absent indications in the record of the need for limitations."); Wu v. Pearson Educ. Inc., No. 09 Civ. 6557 (RJH) (JCF), 2011 WL 2314778, at *6 (S.D.N.Y. June 7, 2011) ("[D]efendants can even negotiate settlement of the claims of potential class members.").

[3] The communications plaintiffs identify as improper are:

1) A Bar Date Notice of April 10, 2023 sent by Gemini to potential class members to inform them of the deadline to file proof of claim for purposes of the bankruptcy, see ECF Nos. 54 at 2; 54-1;

2) Gemini's "Gemini Earn Updates" webpage, describing the bankruptcy plan as "a critical step forward towards a substantial recovery of assets for all Genesis creditors" and stating that "Gemini will be contributing up to $100 million more for Earn users as part of the plan, further demonstrating Gemini's continued commitment to helping Earn users achieve a full recovery," ECF No. 54 at 2-3; and

3) Tweets of February 6, 2023 from defendant Cameron Winklevoss, which allegedly contain "[s]ubstantially similar language" as the "Gemini Earn Updates" webpage, id.

[4] Plaintiffs' remaining argument—that "the Bar Date Notice also interferes with the administration of this lawsuit by quietly attempting to manipulate Class members into agreeing to revised arbitration provisions," ECF No. 54 at 3—is premature in light of defendants' pending motion to compel arbitration, ECF Nos. 51-53.

in communications with potential class members, Chen-Oster v. Goldman, Sachs & Co., 449 F. Supp. 3d 216, 268 (S.D.N.Y. 2020), objections overruled, No. 10 Civ. 6950 (AT) (RWL), 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021), nor the existence of an "ongoing business relationship," Griffin v. Aldi, Inc., No. 516 Civ. 354 (LEK) (ATB), 2017 WL 1957021, at *4 (N.D.N.Y. May 11, 2017), necessarily renders the communications misleading.  And, in any event, the Bar Notice Date and related communications discussing the bankruptcy reflect a very early stage of the bankruptcy proceedings.  Those communications will certainly be followed by additional, likely robust, notices to potential class members before the bankruptcy plan is finalized.

      To the extent plaintiffs believe that defendants' communications with potential class members are improper or lack sufficient information, those issues are more properly addressed to the bankruptcy court.  Accordingly, plaintiffs' application is denied.

      Very truly yours,

      NAOMI REICE BUCHWALD
      UNITED STATES DISTRICT JUDGE