UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDAN PICHA, MAX J. HASTINGS, KYLE MCKUHEN, JAMES DEREK TAYLOR, and CHRISTINE CALDERWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEMINI TRUST COMPANY, LLC, TYLER WINKLEVOSS and CAMERON WINKLEVOSS,<br><br>Defendants. | No. 1:22-cv-10922-NRB<br><br>Hon. Naomi Reice Buchwald |

**DECLARATION OF JAMES SERRITELLA IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

JAMES SERRITELLA hereby declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney with Kim & Serritella LLP, counsel for Plaintiffs in the above-captioned action, and as such am fully familiar with the facts and circumstances of this action as they are set forth herein.

2. I submit this declaration in opposition to Defendants' motion to ompel arbitration.

3. This issue at bar for this motion concerns the interaction of multiple different agreements to which Plaintiffs and other members of the proposed class (on the one hand) and Defendant Gemini Trust Company, LLC (on the other hand) are parties. These agreements include what is known as the Master Loan Agreement ("MLA"), the Gemini User Agreement ("GUA"), and the Gemini Earn Program Terms and Authorization Agreement ("GEA") (collectively, the

"Agreements"). Copies of the MLA, GUA, and GEA as each was in effect as of November 16, 2022 (the date Gemini froze the assets of Gemini Earn investors) are annexed hereto as **Exs. A, B, and C** respectively.

4. Per the terms of the Agreements, all of them claim to be controlling over this dispute, and all of them claim to supersede any other agreements.

5. On or around December 14, 2022, Defendants unilaterally modified the GUA (hereinafter the "mGUA") and GEA (hereinafter the "mGEA") to change several material provisions. Copies of the mGUA and mGEA are annexed hereto as **Exs. D and E** respectively.

6. Defendants did not communicate the changes to the GUA and GEA to Gemini Earn investors in any way, despite explicit terms in the GEA that any material changes would be so communicated.

7. On December 22, 2022, Gemini sent an email to Gemini Earn investors (the "Opt-Out Email") informing them that the MLA had been modified, and that if investors did not agree to the changed terms they had to email Gemini within 7 days and not access their accounts. The Opt-Out Email did not describe the modifications to the MLA other than implying that they were minor. A copy of the Opt-Out Email is annexed hereto as **Exhibit F**. A copy of the modified MLA (hereinafter "mMLA") is annexed hereto as **Exhibit G**.

8. A copy of a chart comparing some of the applicable terms of the MLA, GUA, GEA, mMLA, mGUA, and mGEA is annexed hereto as **Exhibit H**.

9. As a result of all these conflicting agreements and provisions, there are at least six applicable sets of arbitration terms to resolve, each subject to three (often conflicting) agreements, for a total of eighteen permutations of arbitration provisions, and as many as fifty-four possible

interpretations as to which agreement is controlling as to any conflicting term.

10. In early January 2023, Genesis Global Capital, LLC—the primary if not sole borrower against the Gemini Earn investors' assets—filed for bankruptcy. Shortly before this development, Gemini announced that it unilaterally terminated the Earn program and the mMLA, in violation of the terms of its own agreements.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2023

                                              /s/ James R. Serritella
                                                James R. Serritella