UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDAN PICHA, MAX J. HASTINGS, KYLE
MCKUHEN, JAMES DEREK TAYLOR, and
CHRISTINE CALDERWOOD, individually and
on behalf of all others similarly situated,

        Plaintiffs,

    v.

GEMINI TRUST COMPANY, LLC, TYLER
WINKLEVOSS and CAMERON WINKLEVOSS,

        Defendants.

No. 1:22-cv-10922-NRB

Hon. Naomi Reice Buchwald

**DECLARATION OF CHRISTINE CALDERWOOD IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL ARBITRATION**

CHRISTINE CALDERWOOD hereby declares the following under penalty of perjury

pursuant to 28 U.S.C. § 1746:

1.     I am one of the named Plaintiffs in the above-captioned action, and as such am fully

familiar with the facts and circumstances of this action as they are set forth herein.

2.     I submit this declaration in opposition to Defendants' motion to compel arbitration.

3.     I was a participant and investor in the Gemini Earn program.

4.     On November 16, 2022 (the "Freeze Date"), Gemini halted all loans and

redemptions on its platform, and also blocked Earn users from making any withdrawals.

5.     It is my understanding that as of the Freeze Date, my relationship with Gemini was

subject to three different agreements: the Master Loan Agreement ("MLA"), the Gemini User

Agreement ("GUA"), and the Gemini Earn Program Terms and Authorization Agreement ("GEA") (collectively, the "Agreements").

6.      I was required to agree to all of the Agreements when I signed up for the Earn program.  I had no say in any of the terms.

7.      The MLA required that any change be in writing and signed by all parties.  The GEA represented that Gemini would communicate any material changes to the users by email or otherwise.

8.      On Friday, December 23, 2022, at approximately 8:40 P.M., I received an email (the "Opt-Out Email") stating that the MLA was being modified.  The Opt-Out Email did not even say what the changes were, but implied that they were minor.  Per the Opt-Out Email's instructions, I emailed Gemini and told them I did not want to be bound by the modified MLA.  I did not agree to any change to the MLA, and I certainly never signed anything whereby I assented to any changes.

9.      Sometime after this lawsuit was filed, I learned that Defendants also made changes to the GUA and GEA.  These changes were never communicated to me despite the language in the GEA saying that such communication would be made.  Moreover, these uncommunicated changes would seriously limit my rights to recover against Defendants.  I certainly never agreed to any changes to these agreements either.

10.      Defendants claim to have data logs purportedly showing when I accessed my account.  Defendants have not produced these logs and I have not had a chance to review them, so I have no idea if they are accurate, or if they show what Defendants say they show.  Even if those logs are accurate, regardless of when or if I accessed my account, I never agreed to give my rights

2

away.  I certainly would not have done so after the Freeze Date, when I was worried about what happened and whether I would ever get my assets back.

11.     I find it disturbing that Defendants would freeze my assets and unilaterally re-write the Agreements to take away certain of my rights, including my right to be heard before this Court.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2023

/s/ Christine Calderwood
Christine Calderwood

3