

James R. Serritella
T/F: 212-960-8345
jserritella@kandslaw.com

February 19, 2024

**VIA ECF**

Hon. Naomi Reice Buchwald, U.S. District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Picha et al. v. Gemini Trust Company, LLC et al.*, Case No. 22-cv-10922

Dear Judge Buchwald:

    We represent Plaintiffs in the above-referenced matter. We write briefly in reply to the letter filed by Defendants on February 16, 2024, in response to Plaintiffs' notification that Plaintiffs Brendan Picha, Max J. Hastings, Kyle McKuhen, and James Derek Taylor have commenced arbitration proceedings (the "Arbitration").

    Regarding Plaintiff Christine Calderwood, for personal reasons Ms. Calderwood no longer wishes to serve as a lead plaintiff in this dispute and has declined to participate as a named claimant in the Arbitration, although she would remain a member of any applicable class. The last year has been incredibly stressful for all investors in the Gemini Earn program, tens of thousands of mechanics, teachers, retirees, and other citizens who each have lost anywhere from hundreds to hundreds of thousands of dollars due to Gemini's false statements and improper conduct. Such losses, coupled with the uncertainty and fear of the status of their rights and chances of ever recovering, have already been overwhelming for so many.

    To the extent Ms. Calderwood may procedurally be required to request to withdraw as a prospective lead plaintiff, we ask that this letter constitute such request. Courts routinely grant requests for a lead plaintiff to withdraw as such. *See, e.g., Carpenter v. Oscar Health, Inc.*, 2022 U.S. Dist. LEXIS 224665, at *3 (S.D.N.Y. Dec. 13, 2022) (granting co-lead plaintiff withdrawal, with the other co-lead plaintiff continuing on as the lead plaintiff; court noted the lead plaintiff would remain in the class); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 134 (S.D.N.Y. 2007) (noting that it is "certainly within the lead plaintiffs' discretion" to propose their own withdrawal and substitution if they feel they no longer adequately represent the class); *In re*

*Oxford Health Plans, Inc.*, 191 F.R.D. 369, 379 (S.D.N.Y. 2000) (lead plaintiff may "simply withdraw his or her expression of willingness to serve as Class Representative").

Turning to Defendants' other arguments, Plaintiffs note that with Ms. Calderwood's claims subsumed into that of the purported class, all claims in this litigation have now effectively been referred to the Arbitration, and as such a stay of the proceedings is warranted. *See, e.g., Katz. v. Cellco. P'ship*, 794 F.3d 341, 345 (2d Cir. 2015).[1]  Plaintiffs' opposition to Defendants' motion is premised on whether, given the numerous conflicting provisions in play, a valid arbitration agreement was ever executed.  Accepting *arguendo* that the MLA is a valid arbitration agreement, any remaining issues of arbitrability such as the proper forum or procedures for arbitration are properly before the arbitrator.  As counsel for Defendants stated to this very Court:

> If there is a dispute about the way the arbitration should be run, ***that's for the delegated arbitrator***. If they wish to sue, their path is very clear. ***They can file an arbitration. If we think they filed in, say, the wrong one, we will make that argument to the arbitrator, and he or she will decide***. If they say, we should pay the fees, and we don't want to, again, ***the arbitrator will decide***.  That is the purpose of the delegation doctrine.

February 6, 2024 Hearing Tr. 26:22-27:5 (emphasis added).  Less than two weeks after arguing in open court that these were all matters for an arbitrator to decide, Defendants now reverse course and demand the opposite; as with hastily modifying their dispute resolution terms after freezing investors' assets, Defendants are once again attempting to have the rules of the game changed in their favor after it has already started.

The Arbitration was made pursuant to Defendants' own contractual terms and resolves any concerns about judicial economy and preserving the interests of the Class.  To the extent Defendants may resent being asked to litigate their case in other than their preferred forum, Plaintiffs hope the Court can recognize why they do not sympathize.

Respectfully submitted,

/s/ James R. Serritella

James R. Serritella

cc:  Counsel for Defendants (via ECF)

---

[1] An explicit request for a stay is not necessarily required under Section 3 of the Federal Arbitration Act for such a stay to be imposed.  *See, e.g., Martin Marietta Aluminum, Inc. v. General Electric Co.*, 586 F.2d 143, 147 (9th Cir. 1978).  However, to the extent the Court might deem such a request necessary, Plaintiffs hereby request that this action be stayed pursuant to Section 3 of the FAA.